THOMAS ARMITT, DEFENDANT IN ERROR, v. MARY A. ENG-
LISH, ADMINISTRATRIX, PLAINTIFF IN ERROR.

Submitted July 2, 1909—Decided October 14, 1909.

The rejection of testimony too remote from the issue is not error.

On error to the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the plaintiff in error, *Michael Dunn.*

For the defendant in error, *Isadore Klenert.*

The opinion of the court was delivered by

GARRISON, J.  This writ of error brings up the judgment of
the Circuit Court of Passaic county in favor of the plaintiff
in an action brought in said court to recover on an express
contract for the maintenance of the daughter of the decedent
of whose estate the defendant is administratrix.  The plaint-
iff, who is the father-in-law of the decedent, adduced testi-
mony competent to prove the making of an express agreement
by the decedent to pay him the sum of $5 per week for the
maintenance of the latter's daughter, that under this agree-
ment the plaintiff maintained decedent's daughter until the
death of the latter and that he had not received payment
therefor.

A motion to nonsuit was in view of the testimony properly
denied.  The charge of the court by which plaintiff's recovery
was limited to the period covered by the statute of limita-
tions was proper; the contention that the statute bars a re-
covery if the contract commenced to run prior to the statutory
period is without foundation.

The remaining assignments argued in the brief of plaintiff

in error relate to rulings rejecting testimony offered at the trial, none of which were erroneous.

1. It was not error to exclude proof that in a divorce proceeding between the decedent and his wife the Court of Chancery had allowed the latter alimony for the maintenance of herself and child. Such allowance, if known to the plaintiff, was too remote; it did not bind him or militate against the making by the decedent of the express contract on which the plaintiff's action was founded.

2. Testimony that no bill from plaintiff was found among decedent's papers, but that letters were found from other persons in answer to advertisements for a boarding place for decedent's daughter was entirely too remote to be competent.

3. The fact that the decedent had at the time of his death cash on hand or on deposit in bank was too remote to have any probative effect upon the issue; and the same may be said as to the testimony that decedent customarily paid his bills and did not have outstanding accounts.

4. Whether or not the final decree in the divorce proceeding awarded the child to the decedent was a circumstance without bearing upon the issues which were (*a*) whether the contract sued upon had been made; (*b*) whether it had been performed and (*c*) whether payment had been made. These issues having been submitted to the jury, the judgment based upon the verdict will be affirmed.